FILED
2022 Feb-01  PM 02:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **BLACK CREEK STATION HOMEOWNER ASSOCIATION, INC., ON BEHALF OF ITSELF AND ALL OTHERS SIMILARLY SITUATED,** | ) ) ) ) ) ) | ***JURY TRIAL REQUESTED*** <br> ***CLASS ACTION*** |
| **Plaintiff,** | ) ) ) | |
| **v.** | ) ) | **Case No.: CV-22-_____** |
| **ROULAND MANAGEMENT SERVICES, LLC, a domestic limited liability company; DARRELL ROULAND (individually and as fiduciary of the Plaintiffs); AIMEE STATHAM (individually and as fiduciary of the Plaintiffs); PACIFIC WESTERN BANK, a wholly owned subsidiary of PacWest Bancorp; and MUFG UNION BANK, N.A.,** | ) ) ) ) ) ) ) ) ) ) ) ) | |
| **Defendants.** | | |

## COMPLAINT

### JURISDICTION AND VENUE

1.     This Court has subject matter and diversity jurisdiction over this action under 28 U.S.C. § 1332(d) because this is a class action wherein the amount of controversy exceeds the sum or value of $5 million, exclusive of interest and costs, there are more than 100 members in the proposed class, and at least one Class Member is a citizen of a state different from a Defendant to establish minimal diversity.

2.     The Northern District of Alabama has personal jurisdiction over the Defendants named in this action because one or more of the Defendants and/or their parents or affiliates are in

this District and Defendants conduct substantial business in Alabama and this District through its representatives, headquarters, offices, parents, and affiliates.

3.      Venue is proper in this District under 28 U.S.C. §1391(b) because one or more of the Defendants and/or their parents or affiliates are domiciled in this District and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.

## PARTIES

4.      Black Creek Station Homeowners Association, Inc. (hereinafter "Black Creek") is a homeowners association doing business in Jefferson County, Alabama. It is an Alabama non-profit corporation which is organized to preserve the common elements and other aspects of the development known as "Black Creek Station." Black Creek seeks to represent a class action herein who will be described as the "Class and /or Class Members."  Black Creek brings the claims herein in its singular corporate capacity and as the Class Representative on behalf of the proposed class.

5.      Rouland Management Services LLC (hereinafter "RMS") is an Alabama domestic limited liability company located in Pelham, Alabama and doing business in Jefferson County, Alabama.

6.      MUFG Union Bank, N.A. (hereinafter "Union Bank") is a California entity that does business in Jefferson County, Alabama.

7.      Pacific Western Bank, a wholly owned subsidiary of PacWest Bancorp (hereinafter "PacWest") is a California entity that does business in Jefferson County, Alabama.  As of October 8, 2021 PacWest purchased the homeowner association banking business from Defendant Union Bank, and upon information and belief the liabilities associated with the claims brought herein by the Plaintiff and Class.

8.      Darrell Rouland (hereinafter "Rouland") is over the age of nineteen (19) years, resides in Jefferson County, AL, and an owner of Rouland Management Services, LLC. Rouland acted herein as an agent/representative/employee of RMS.

9.      Aimee Statham (hereinafter "Statham") is an individual over the age of nineteen (19) years, and resides in Jefferson County, AL. Statham acted herein as an agent/representative/employee of RMS and Rouland.

## FACTS

10.      Black Creek entered into a homeowner association management agreement with RMS for the purpose of managing and maintaining the funds, common areas and payment of common expenses for the benefit of the Members of the Association and the Association. Members of the Association paid Annual Assessments and other Dues to RMS and Union Bank. Upon information and belief, all Association Accounts managed by RMS were held at Union Bank.

11.      Plaintiff and the Class Members received Association Dues from the homeowner members via the homeowner association requirements, which were wrongfully used by the Defendants for purposes other than maintenance of common areas, payment of common expenses, and general upkeep of Black Creek.

12.      Union Bank owed a fiduciary duty to Plaintiff and the Class Members due to special circumstances insofar as the monies held by Union Bank were in the sole care, custody, and control of Union Bank.  Upon information and belief, PacWest assumed those liabilities.  Union Bank marketed its services specifically to HOAs and touted special benefits in connection with its services insofar as it specialized in managing HOA funds.  Said Defendants stood to profit from the benefit and use of the monies it held which belonged to Plaintiff and the Class Members. Defendants Union Bank and PacWest had information not otherwise available to the Plaintiff and

Class members—namely information related to suspicious transactions between and among accounts belonging to Plaintiff and the Class Members which suspicious activity was perpetrated by Defendants.

13.     Defendants Union Bank and PacWest breached such fiduciary duty in failing to inform Plaintiff and the Class Members of suspected or actual suspicious and wrongful activity. Defendant Union Bank and PacWest further breached such duty to Plaintiff and the Class Members in failing to suspend such transactions and in not failing to conduct a proper investigation or in not allowing Plaintiff and the Class Members to conduct a proper investigation on their own. Due to such breach, Plaintiff and the Class members have been severely damaged in that the monies held are now gone, wasted, and misappropriated due to unauthorized activity and unauthorized charges.

14.     The monies at issue which were paid by Plaintiff and Class Members would not have been lost had Defendant Union Bank and PacWest maintained proper policies and procedures and not breached its fiduciary duties.

15.     The duties of Defendant RMS are outlined in the Management Agreement. In simplest terms, RMS was paid to manage accounts containing the homeowner association dues for each of the Plaintiffs. Lot owners paid certain assessments to RMS which were, in turn, held in certain bank accounts at Union Bank and PacWest, as stated above. Those monies were held and were to be used only for upkeep and maintenance of common areas, payment of common expenses, and otherwise for the upkeep of the Black Creek development.

16.     Accounts were opened by RMS, and its representatives, at Union Bank and were eventually assumed by Defendant PacWest via the bank purchase agreement.

17.     Defendant Statham was the individual at RMS who had signatory power over these accounts. Upon information and belief, her authority was granted to her by Rouland as owner of

RMS, and RMS as a corporate entity. Her business activities pertinent herein were approved and overseen by Rouland and RMS. Her activities involving the funds at issue were to be monitored and managed by Defendants Union Bank and PacWest.

18. Plaintiff and Class Members were never allowed to nor granted access to obtain copies of statements for the accounts where their money was deposited with Union Bank and PacWest.

19. Certain funds belonging to the Plaintiff and Class Members have been improperly misappropriated from the accounts managed by the Defendants. Union Bank and PacWest allowed such to occur notwithstanding that such misappropriation should have been prohibited had the banks followed proper policies and procedures.

20. By March 2021, and upon information and belief earlier, RMS, Union Bank, and PacWest were put on notice of discrepancies in accounts managed by Defendants Rouland and Statham, on behalf of RMS.

21. On or about June 2021, Plaintiff discovered that its bank account balance was approximately $43,000.00 shorter than it should have been. Plaintiff thought its bank account had a balance of approximately $45,000.00 when, in actuality, it only had a little over $2,000.00.

22. Plaintiff subsequently filed a police report and various law enforcement agencies began an investigation. To date, Plaintiff has not recovered the monies and does not even have funds to adequately operate the Association.

23. RMS, Rouland, and Statham were sued by another homeowner association in April 2021, again putting them on notice of allegations that Defendant Statham and/or other employees of RMS and Rouland were improperly misappropriating money from accounts they were managing.

24.     The Plaintiff and the Class Members had no knowledge of the misappropriation of funds by the Defendants. This is due to the fact the Plaintiff and the Class were not receiving statements directly from Union Bank or PacWest but were instead being provided inaccurate spreadsheet/statements by the Defendants hiding the misappropriation of Plaintiff's and Class Members funds.

25.     Union Bank, PacWest, RMS, Rouland, and Statham have been paid fees by each of the Plaintiff and Class Members over the course of the contract between Plaintiff, Class Members and RMS.

26.     The Defendants have also improperly mishandled funds from the accounts held on behalf of the Plaintiff and Class Members.

27.     The Plaintiff and Class Members have been deprived of the use of their paid funds which monies were expressly and implicitly paid by them for the upkeep of common areas, payment of common expenses, and general upkeep of the various developments.

## CLASS ACTION ALLEGATIONS

28.     Plaintiff brings this action against Defendants pursuant to Rule 23(b)(1), (2) and (3) on behalf of itself and all other entities similarly situated. Plaintiff seeks to represent the following Proposed Class:

> All current and former Homeowner Association clients/customers in the United States of America of each of the Defendants who have had HOA funds misappropriated.

29.     Excluded from the Class are Defendants, their affiliates, subsidiaries, agents, board members, directors, officers, and/or employees, counsel for the Plaintiff in this matter, and the Court personnel in this matter.

30.     Plaintiff reserves the right to modify or amend the definitions of the proposed Class before the Court determines whether certification is appropriate.

31.     Defendants subjected Plaintiff and the respective Class Members to the same unfair, unlawful, and deceptive practices and harmed them in the same manner.

Numerosity:

32.     Upon information and belief, the proposed Class is so numerous that joinder of all members would be impracticable. The precise number of Class Member numbers is unknown at this time, but the numbers are more than can be consolidated in one complaint such that it would be impractical for each member to bring suit individually. Plaintiff does not anticipate any difficulties in the management of the action as a class action.

Commonality:

33.     Common questions of law and fact predominate in this matter because Defendants' conduct towards the Class Members is identical. Defendants uniformly and systematically, through its centralized systems and actions committed the wrongful conduct alleged herein.

34.     Plaintiff shares a common interest with all Class Members in the objectives of the action and the relief sought.

35.     Because Defendants' conduct was uniform as to all Class Members, the material elements of Plaintiff's claims and those of Class Members are subject to common proof, and the outcome of Plaintiff's actions will be dispositive for the Class.

36.     Questions of law and fact that are common to the Class include, but are not limited to, the following:

      (a)     Whether Defendants' practice in misappropriating dues/fees/assessments violates applicable law;

(b)     Whether the bank Defendants failed in monitoring account activities in violation of standard and security banking best practices;

(c)     Whether Plaintiff and the Class are entitled to injunctive relief to prevent Defendants from continuing its practice;

(d)     Whether the named Plaintiff and the Class are entitled to recover damages for Defendants' practices described herein;

(e)     Whether Defendants unjustly retained and/or misappropriated dues/fees/assessments belonging to Plaintiff and the Class.

Typicality:

37.     Plaintiff is a member of the Class it seeks to represent. Plaintiff's claims are typical of the respective Class Members' claims because of the similarity, uniformity, and common purpose of Defendants' unlawful conduct. Each Class Member has sustained, and will continue to sustain, damages in the same manner as Plaintiff has as a result of Defendants' conduct.

Adequacy of Representation:

38.     Plaintiff is an adequate representative of the Class it seeks to represent and will fairly and adequately protect the interests of the Class. Plaintiff is committed to the vigorous prosecution of this action and have retained competent counsel experienced in litigation of this nature to represent them. There is no hostility between Plaintiff and the unnamed Class Members.

39.     To prosecute this case, Plaintiff has chosen the undersigned law firms, which are experienced in class action litigation and have the financial and legal resources to meet the costs and legal issues associated with this type of litigation.

Requirements of Fed. R. Civ. P. 23(b)(3):

40.     The questions of law or fact common to Plaintiff and each Class Member's claims predominate over any questions of law or fact affecting only individual members of the Class. All claims by Plaintiff and the unnamed Class Members are based on the unlawfully misappropriated dues/fees/assessments to Plaintiff and the Class Members.

41.     Common issues predominate when, as here, liability can be determined on a class-wide basis, even if there will be some individualized damage determinations.

42.     As a result, when determining whether common questions predominate, courts focus on the liability issue, and if the liability issue is common to the class as is the case at bar, common questions will be held to predominate over individual questions.

Superiority:

43.     A class action is superior to individual actions in part because of the non-exhaustive factors listed below:

> (f)  Individual adjudication of all Class Member claims would create extreme hardship and inconvenience for the affected Class Members;
>
> (g)  Individual claims by Class Members are impractical because the costs to pursue individual claims may exceed the value of what any one Class Member has at stake. As a result, individual Class Members may have no interest in prosecuting and controlling separate actions;
>
> (h)  There are no known individual Class Members who are interested in individually controlling the prosecution of separate actions against this particular group of Defendants;
>
> (i)  The interests of justice will be well served by resolving the common disputes of potential Class Members in one forum;

(j)  Individual suits would not be cost effective or economically maintainable as individual actions, and;

(k)  The action is manageable as a class action.

44.     The Class is not so large that it would be unmanageable, and no difficulties are foreseen providing notice to individual claimants because Defendants keep records of the issues here and the prospective Class Members during the class period. Plaintiff will be able to ascertain through Defendants' records and well-implemented claims processes, all Class Members. Therefore, both the membership of the Class and the amount of individual damages will be readily ascertainable.

Requirements of Fed. R. Civ. P. 23(b)(1) & (2):

45.     There is an inherit risk that the prosecution of separate actions by individual members of the Class may lead to inconsistent outcomes that would confront Defendants with potentially incompatible standards of conduct. Either Defendants' alleged practices are wrong for every one of the Class Members or it is right for every one of the Class Members, making this action appropriate for class certification.

46.     Because Defendants have acted consistently towards all members of the Class, final equitable and injunctive relief is appropriate with respect to both the Class and Plaintiff's claims and is likewise subject to common proof and adjudication.

47.     Based on the foregoing, class treatment is the most fair and efficient form of adjudication for this matter.

## COUNT I – BREACH OF CONTRACT

48.     Plaintiffs adopt and re-allege all prior paragraphs of this Complaint, as if set forth fully herein.

49.     The facts discuss previously amount to a breach of the contract between Defendants and the Plaintiffs.

50.     As a result of this breach, each of the Plaintiffs have been damaged.

51.     As a result of this breach of contract, Defendants are due to reimburse the Plaintiffs the money misappropriated from their accounts and the management fees paid over the course of the agreement at issue.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs demand judgment against the named Defendant(s), jointly and severally, for compensatory damages in an amount to be determined by a struck jury, together with pre-judgment interest from the date of the incident(s) plus the cost of this action.

## COUNT II – BREACH OF FIDUCIARY DUTY AS AGAINST RMS, ROULAND, AND STATHAM

52.     Plaintiffs adopt and re-allege all prior paragraphs of this Complaint, as if set forth fully herein.

53.     As individuals with control over monies belonging to the Plaintiffs, RMS, Rouland, and Statham owed a fiduciary duty to the Plaintiffs.

54.     The Defendants breached those fiduciary duties by failing to properly monitor the accounts containing the Plaintiffs' money.

55.     This breach of fiduciary duty allowed Defendants RMS, Statham, and/or other employees, to improperly/negligently misappropriate tens of thousands of dollars from each of the Plaintiffs' accounts.

56.     Defendant Statham wrote checks and/or originated transfers or wire transfers improperly misappropriating money from each of the Plaintiffs' accounts for her own personal use.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs demand judgment against the named Defendant(s), jointly and severally, for compensatory and punitive damages in an amount to be determined by a struck jury, together with pre-judgment interest from the date of the incident(s) plus the cost of this action.

## COUNT III – BREACH OF FIDUCIARY DUTY AS AGAINST
## UNION BANK AND PACWEST

57.     Plaintiffs adopt and re-allege all prior paragraphs of this Complaint.

58.     Special Circumstances existed between Plaintiff and the Class Members and Defendants Union Bank and PacWest which gave rise to a fiduciary duty on the part of Union Bank and PacWest.

59.     Defendant Union Bank and PacWest breached their fiduciary duties to Plaintiff and the Class Members in each of the following circumstances:

a)In allowing the other Defendants to complete unauthorized transactions and transfers without proper approval and consent of the Plaintiff and Class Members;

b)In failing to notify Plaintiff and the Class Members of actual or suspected unauthorized ~~or fraudulent~~ activity notwithstanding that special circumstances existed insofar as Defendant Union Bank and PacWest were the only entities to possess such information and, therefore, was the only one in a position to disclose the same;

c)In improperly allowing its agents, representatives, and computer systems to fulfill ~~fraudulent and~~ unauthorized transfers between and among accounts;

d)In allowing the other Defendants to unilaterally complete each of the unauthorized transfers and transactions without any authorization or direction from Plaintiff or the Class Members; and

e)Otherwise failing to properly care for monies which belonged to Plaintiff and the Class Members which were in its sole care, custody, and control.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs demand judgment against the named Defendant(s), jointly and severally, for compensatory damages as well as special and punitive damages in an amount to be determined by a struck jury, together with pre-judgment interest from the date of the incident(s) plus the cost of this action.

## COUNT IV – THEFT

60.     Plaintiffs adopt and re-allege all prior paragraphs of this Complaint, as if set forth fully herein.

61.     The conduct of all Defendants amounts to theft. The Defendants are due to refund all of the money misappropriated from each of the Plaintiffs in this case. Each of the Defendants further aided and abetted the other for all unlawful acts complained of herein.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs demand judgment against the named Defendant(s), jointly and severally, for compensatory damages as well as special and punitive damages in an amount to be determined by a struck jury, together with pre-judgment interest from the date of the incident(s) plus the cost of this action.

## COUNT V – MONEY HAD AND RECEIVED

62.     Plaintiffs adopt and re-allege all prior paragraphs of this Complaint, as if set forth fully herein.

63.     Each of the Defendants have misappropriated and/or made improper use of identifiable funds belonging to each of the Plaintiffs. These funds are due to be refunded to the Plaintiffs.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs demand judgment against the named Defendant(s), jointly and severally, for compensatory damages as well as special and

punitive damages in an amount to be determined by a struck jury, together with pre-judgment interest from the date of the incident(s) plus the cost of this action.

## COUNT VI – THEFT BY DECEPTION

64.     Plaintiffs adopt and re-allege all prior paragraphs of this Complaint, as if set forth fully herein.

65.     The actions of the Defendants in this case constitutes to theft by deception.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs demand judgment against the named Defendant(s), jointly and severally, for compensatory damages as well as special and punitive damages in an amount to be determined by a struck jury, together with pre-judgment interest from the date of the incident(s) plus the cost of this action.

## COUNT VII – FRAUD

66.     Plaintiffs adopt and re-allege all prior paragraphs of this Complaint, as if set forth fully herein.

67.     Each of the Defendants committed fraud, either by suppression, misrepresentation, or deceit by withholding relevant information or providing the Plaintiffs with misleading statements hiding and/or misrepresenting the material fact money was being misappropriated from their accounts by one or more of the Defendants.

68.     The Plaintiffs relied on the lack of relevant information and/or the misstatements to their detriment by continuing to pay the Defendants to manage their bank accounts and by continuing to deposit money in those accounts.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs demand judgment against the named Defendant(s), jointly and severally, for compensatory damages as well as special and

punitive damages in an amount to be determined by a struck jury, together with pre-judgment interest from the date of the incident(s) plus the cost of this action.

## COUNT VIII – NEGLIGENCE

69.     Plaintiffs adopt and re-allege all prior paragraphs of this Complaint, as if set forth fully herein.

70.     Union Bank, PacWest, RMS, and Rouland had a duty to train, supervise, and monitor their employees to assure wrongdoing was not committed against the Plaintiffs and Class Members.

71.     Said Defendants breached said duty.

72.     The failure to train, supervise, and monitor Defendant Statham and/or other employees of RMS and the failure to inform the Plaintiffs and Class Members of these issues has harmed Plaintiffs and Class Members and constitute negligence.

73.     The failure of Union Bank and PacWest to train, supervise, and monitor their employees, agents, and representative and the failure to inform the Plaintiffs and Class Members of these issues has harmed Plaintiffs and Class Members and constitute negligence.

74.     Defendants Union Bank and PacWest owed duties to Plaintiffs to properly oversee the funds and to properly maintain policies and procedures which would have prevented the types of injuries complained of herein due to special circumstances which existed.

75.     Defendants Union Bank and PacWest breached said duties.

76.     The failure to properly oversee the funds and maintain policies and procedures which would have prevented the types of injuries complained of herein has harmed Plaintiffs and Class Members and constitute negligence.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs demand judgment against the named Defendant(s), jointly and severally, for compensatory damages in an amount to be determined by a struck jury, together with pre-judgment interest from the date of the incident(s) plus the cost of this action.

<u>**COUNT IX – VICARIOUS LIABILITY**</u>

77.     Plaintiffs adopt and re-allege all prior paragraphs of this Complaint, as if set forth fully herein.

78.     Defendant Rouland and RMS are vicariously liable for the actions of its employees, who are the individuals that wrongfully or improperly appropriated money from the Plaintiffs' and Class Member accounts.

79.     Defendants Union Bank and PacWest are vicariously liable for the actions of its employees, agents, and representatives who wrongfully or improperly appropriated money from the Plaintiffs' and Class Member accounts.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs demand judgment against the named Defendant(s), jointly and severally, for compensatory damages as well as special and punitive damages in an amount to be determined by a struck jury, together with pre-judgment interest from the date of the incident(s) plus the cost of this action.

<u>**JURY DEMAND**</u>

**PLAINTIFFS HEREBY DEMAND A STRUCK JURY FOR THE TRIAL IN THIS CAUSE.**

<u>*/s/Jay Aughtman*</u>
Joseph "Jay" H. Aughtman (AUG001)
*Attorney for the Plaintiff and Class*

<u>OF COUNSEL:</u>
**Aughtman Law Firm, LLC**
1772 Platt Place
Montgomery, AL 36117

T: (334) 215-9873
F: (334) 213-5663
jay@aughtmanlaw.com

*s/ Nicholas Cole Hughes*
Nicholas Cole Hughes (HUG057)
Matthew Bruce Alfreds (ALF011)
*Attorneys for the Plaintiff and Class*

**Argo | Hughes, LLC**
475 Providence Main Street, Suite 303D
Huntsville, AL 35806
Tel:     334-279-0088
Fax:     334-279-8830
nick@argohughes.com

**Defendants may be served via certified mail to the following:**

**Rouland Management Services, LLC**
**c/o Darrell J. Rouland**
**100 Trumpington Way**
**Pelham, AL 35124**

**Darrell Rouland**
**100 Trumpington Way**
**Pelham, AL 35124**

**Aimee Statham**
**100 Trumpington Way**
**Pelham, AL 35124**

**Pacific Western Bank**
**CT Corporation System**
**2 North Jackson Street, STE 605**
**Montgomery, AL 36104**

**MUFG Union Bank, N.A.**
**CT Corporation System**
**2 North Jackson Street, STE 605**
**Montgomery, AL 36104**